## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, <br>                         Plaintiffs, <br><br>               v. <br> CEMD ELEVATOR CORP. dba <br> CITY ELEVATOR, INC. <br> 1384 Broadway, Fl. 21 <br> New York, NY 10018, <br> and <br> STEPHAN DIEMER <br> 295 Miles Avenue <br> Staten Island, NY 10308, <br>                         Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :   CIVIL ACTION NO. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## **COMPLAINT**
### **Jurisdiction**

1.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, to collect reported and unpaid contributions, to collect contributions found due in a payroll audit, to enjoin the violations of the terms of the employee benefit plans and to collect the outstanding contributions from an officer individually.

### **Parties**

2.     The Plaintiffs are the Boards of Trustees of the National Elevator Industry

Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds"). The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37). The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant. The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, Defendant, CEMD Elevator Corp. dba City Elevator, Inc. ("City Elevator"), is a corporation existing under the laws of the New York with offices located at 1384 Broadway, Fl. 21, New York, NY 10018. Upon information and belief, Defendant transacts business in New York as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4.      Upon information and belief, at all times relevant herein, Defendant, Stephan Diemer ("Diemer"), is an officer and/or owner of City Elevator, with an address of 295 Miles Avenue, Staten Island, NY 10308. Upon information and belief, Stephan Diemer, at all times relevant herein, exercised control and discretion over the payroll of City Elevator including any and all decisions regarding the collection and disbursement of any payroll deductions authorized

by the employees of Brooklyn Elevator. As such, Stephan Diemer is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

5. City Elevator executed an Agreement with the International Union of Elevator Constructors Local Union No. 1 on February 26, 2009 and March 17, 2014 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by City Elevator.

6. Pursuant to its Agreements, City Elevator agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Joinder Agreement.

7. The 2009 Agreement states: "The Employer agrees to adopt, abide and be bound by all the terms of the collective bargaining agreement between the Union and ThyssenKrupp Elevator Corporation which agreement is to become effective March 17, 2009. The Employer agrees to pay the fringe benefits and to observe all of the terms and conditions of employment as set forth in such collective bargaining agreement effective March 17, 2009, or at such later date when such increases or changes in working conditions shall become effective or are paid to Employees of ThyssenKrupp Elevator Corporation. The Employer agrees to execute the new collective bargaining agreement containing such terms, conditions, wage increases, fringe benefit increases, etc., as are agreed upon as foresaid . . . ."

8. The ThyssenKrupp Agreement provides that "[t]he National Elevator Industry Health Plan and the National Elevator Industry Pension Plan and Declarations of Trust as the

3

same now exist or may hereafter be amended during the term of this Agreement including any change in benefits and Company and/or Employee contributions, are hereby made part of this agreement."

9.   The ThyssenKrupp Agreement also provides the following regarding the NEI Educational Fund: "Payment of said contributions shall be in accordance with the terms of the Declaration of Trust adopted by the Board of Trustees."

10.   The 2014 Agreement provides that the "Employer agrees to adopt, abide, and be bound by all the terms and provisions of the applicable collective bargaining agreements entered into by Union with the Elevator Manufacturers Association of New York, Inc., effective March 17, 2014, with the Hoisting Contractors Association or any other applicable association . . . ."

11.   City Elevator is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines").  The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

12.   The NEI Funds Trust Documents provide the reporting requirements for signatory employers.  Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or

>    other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

13. Upon information and belief, City Elevator employed certain employees covered by the Agreement during the months of January 2010 through and including the present.

14. The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

>    The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

15. City Elevator reported $402,436.60 in contributions due for the month of May 2016 but underpaid the contributions in the amount of $7,474.80. Additional interest has and will accrue on this outstanding amount.

16. The NEI Funds Trust Documents provide that any participating employer may be audited. Article VI, Paragraph 8 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension Fund provides as follows:

>    Par. 8. <u>Audit</u>. The Trustees may, by their designated, independent Certified Public Accountant, audit the payroll records (including payroll tax returns and all supporting records) of any Employer at the Employer's place of business. The

>audit shall be conducted at any reasonable time during the business hours of the Employer.  In the event that the audit discloses that the Employer has underpaid his contributions due in an amount that is equal to or exceeds five (5%) percent of the contributions due during the audit period, then all costs associated with the audit shall be assessed against the Employer.  If there is less than a five (5%) percent discrepancy, then the Fund shall pay the cost of the audit. Notwithstanding the foregoing, in any case where the Trustees have claimed in a lawsuit any amount due as disclosed by the audit, then the Employer shall be liable for all costs associated with the audit.  This right to audit shall include the right to examine all such other books and records of the Employer as the Trustees' independent Certified Public Accountant shall deem necessary.

17. The Trustees' auditor, Daniel A. Winters & Co., audited City Elevator for the period of January 1, 2010 through February 29, 2012.  The audit found that City Elevator owed $158,953.06 in contributions and interest.  Additional interest has and will continue to accrue on this outstanding audit amount.  City Elevator also owes the audit fees associated with the audit. This amount remains outstanding.

18. City Elevator's contributions on behalf of its elevator constructors for the period January 1, 2010 through February 29, 2012 and May 2016 are late.

19. The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

>The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees file suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

20.	The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.  City Elevator is bound to the Agreements and Declarations of Trust.

21.	Pursuant to this provision, City Elevator is obligated to the NEI Trust Funds in the amount of $30,831.94 in liquidated damages assessed on the delinquent contributions for the month of May 2016 and the contributions found due in the audit, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.	For $7,474.80 in contributions due for May 2016, plus interest; and

B.	For $158,953.06 in contributions and interest due for the payroll audit of January 1, 2010 through February 29, 2012, plus additional accrued interest and audit fees; and

C.	For liquidated damages in the amount of $30,831.94; and

D.	For attorney's fees and costs expended in bringing this lawsuit; and

E.	For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.	For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the

date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

G. For such further relief as the Court may deem appropriate.

## COUNT II

22. The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 21 of Count I.

23. This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145. This is an action to enjoin violations of the terms of an employee benefit plan.

24. City Elevator, pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreements with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

25. City Elevator has repeatedly failed to submit timely reports or contributions to the Fund in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

A. For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring City Elevator to submit timely contributions and report to the NEI Trust Funds.

B. For such further relief as the Court may deem appropriate.

## COUNT III

26. The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1

through 25 of Counts I and II.

27. This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145. This is an action to collect delinquent contributions from an individual officer and/or owner, Stephan Diemer, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

28. Upon information and belief, the Defendant, Stephan Diemer, determined the total amount of the employer's (City Elevator, the company for which he is an officer and/or owner) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes. Thus, Defendant Stephan Diemer exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

29. Upon information and belief, as officer and/or owner of City Elevator, Defendant Stephan Diemer, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors. As such, Defendant Stephan Diemer obligated City Elevator to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. Defendant Stephan Diemer failed to have City Elevator forward the correct contributions to the Plaintiffs for the period of the audit, January 1, 2010 through February 29, 2012, as well as the contributions for the month of May 2016.

30. Upon information and belief, as an officer and/or owner of City Elevator,

Defendant, Stephan Diemer, voluntarily entered the collective bargaining agreements with the International Union of Elevator Constructors. As such, Defendant Stephan Diemer obligated City Elevator to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. The Plaintiffs audited City Elevator for the period of January 1, 2010 through February 29, 2012. The audit found that City Elevator owes $158,953.06. Additional interest has and will continue to accrue on this outstanding audit amount. Defendant Stephan Diemer failed to have City Elevator forward all the contributions and interest found due in the audit for the period of January 1, 2010 through February 29, 2012, as well as the correct contributions for the month of May 2016.

31.     City Elevator signed the collective bargaining agreement with the International Union of Elevator Constructors on March 17, 2014. (See attached). Paragraph 2 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to all of the National Elevator Industry Plans and to the Local 1 Plans and to the Elevator Industry Work Preservation Fund, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

32.     Upon information and belief, Defendant Stephan Diemer deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds. Upon information and belief, those amounts were deposited into City Elevator's general accounts and used for purposes other than payment of the

employees' benefit contributions.

33. Upon information and belief, Defendant Stephan Diemer knew that City Elevator entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs. Defendant Stephan Diemer knew that City Elevator periodically turned these amounts over to the Plaintiffs' Funds.

34. The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

35. Upon information and belief, Defendant, Stephan Diemer, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with City Elevator's general assets and used those funds to pay other creditors. Defendant exercised authority or control respecting disposition of plan assets. Thus, Defendant Stephan Diemer is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

36. Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Stephan Diemer, is jointly and severally liable for the following:

A. For $7,474.80 in contributions due for May 2016, plus interest; and

B. For $158,953.06 in contributions and interest due for the payroll audit of January 1, 2010 through February 29, 2012, plus additional accrued interest and audit fees; and

C. For liquidated damages in the amount of $30,831.94; and

D. For attorney's fees and costs expended in bringing this lawsuit; and

E. For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

G. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: July 7, 2016

**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
By:     s/ Robert P. Curley
           Robert P. Curley
           Attorney I.D. No. 55760
By:     s/ David D. Capuano
           David D. Capuano
           Attorney I.D. No. 70238
           Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 7th day of July 2016 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
>         Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
>         for Plan Benefits Security

> s/ David D. Capuano
> David D. Capuano